UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**GLENN D. ODOM**  **PLAINTIFF**

**v.**  **CIVIL ACTION NO. 5:21-CV-P11-TBR**

**JACOB BRUCE et al.**  **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Plaintiff Glenn D. Odom's motions for a temporary restraining order and for a preliminary injunction (DN 1). Odom, who is incarcerated at the Kentucky State Penitentiary (KSP), names as Defendants the following KSP employees: Jacob Bruce, Skyla Grief, and Scott Jordan. He also names Kentucky State Reformatory employee Anna Valentine. Odom alleges he is being retaliated against "by continuous refusals to allow him necessary legal documents/his law books/writing paper/envelopes/etc. to meet his federal deadline in *Odom v. Valentine*, 3:20-cv-212-HBB-DJH." The case he refers to is a pending action for writ of habeas corpus in this Court. He also alleges that he is being refused the opportunity to view his trial footage and his newspaper subscription. It appears he wants injunctive relief in the form of being provided what he has been denied by prison officials.

Both a temporary restraining order (TRO) and a preliminary injunction are extraordinary remedies "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *see also Norwalk Core v. Norwalk Bd. of Educ.*, 298 F. Supp. 203, 206 (D. Conn. 1968). To determine whether to grant a TRO or preliminary injunction, the district court is required to consider four factors: "'(1) the plaintiff['s] likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction;

(3) whether granting the injunction will cause substantial harm to others; and (4) the impact of an injunction upon the public interest.'" *Abney v. Amgen, Inc.*, 443 F.3d 540, 546 (6th Cir. 2006) (quoting *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cty.*, 274 F.3d 377, 400 (6th Cir. 2001)).

These factors are not "rigid and unbending requirements," as there is no "fixed legal standard" in determining whether to award immediate relief. *In re: Eagle-Picher Indus., Inc.*, 963 F.2d 855, 859 (6th Cir. 1992). As to the irreparable-harm determination, there must be an actual, viable, presently existing threat of serious harm. *Mass. Coal. of Citizens with Disabilities v. Civil Def. Agency & Office of Emergency Preparednesss of Mass.*, 649 F.2d 71, 74 (1st Cir. 1981). "Despite the overall flexibility of the test for preliminary injunctive relief, and the discretion vested in the district court, equity has traditionally required such irreparable harm before an interlocutory injunction may be issued." *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 103 (6th Cir. 1982). The plaintiff must show harm that is not remote or speculative but is actual and imminent. *Abney v. Amgen, Inc.*, 443 F.3d at 552. The injury must be of such imminence that there is a clear and immediate need for relief in order to prevent harm. *Wis. Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985). Moreover, "the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

Odom has failed to show both a likelihood of success on the merits and irreparable harm for purposes of being granted immediate relief. A review of Odom's pending habeas action, *Odom v. Valentine*, 3:20-cv-212-DJH, shows that he filed a motion to extend the time to file a reply to the response to his habeas petition. That motion was granted, and the time for Odom to

file his reply in that case has been extended to March 12, 2021. That Order also required Respondent in that case to serve a complete copy of the answer and appendix on Odom, and Respondent filed a notice of compliance on January 4, 2021. Nothing in the Order suggests that Odom will be precluded from requesting an additional extension of time for good shown cause, should the need arise.

For the foregoing reasons and being sufficiently advised,

**IT IS ORDERED** that Odom's motions for a temporary restraining order and for a preliminary injunction (DN 1) are **DENIED**.

Date: February 3, 2021

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4413.009